FERNANDO DEL TORO SALDAÑA, Plaintiff and Appellant, v. THE JUNCOS CENTRAL CO., Defendant and Appellee.

No. 4497. Argued January 31, 1929.—Decided November 13, 1929.

Manuel A. Martínez Dávila and José Martínez Dávila, for appellant.
Henry G. Molina and Leopoldo Feliú, for appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Appellee herein, The Juncos Central Co., held under a lease for some twelve years prior to April 6, 1922, three rural properties belonging to the appellant, and on the above date the parties contracted for a new lease of the same properties for a term of three years and six months by a public instrument, one of whose covenants is as follows:

"Eighth. The lessee corporation binds itself not to change the boundaries marked by surveyor Armando Morales for the leased properties and to keep in good condition the landmarks establishing the same."

One of such properties called "Lechuga", according to the above deed and the map mentioned therein made by surveyor Armando Morales on July 16, 1921, a few months prior to the execution of the lease, has the western point of its southern boundary facing the spot where the Ceiba brook empties into the Gurabo river on the opposite side. The Gurabo river forms the southern boundary of the whole property.

After the lease expired, Fernando del Toro Saldaña, owner of the leased properties, brought an action of unlawful detainer against the lessee on the ground of the latter's failure to surrender the premises, and he obtained a judgment in his favor which was executed on December 21, 1925, by formal delivery of the three properties to him. In August of the following year he instituted injunction proceedings against The Juncos Central Co. to recover possession of a parcel of land forming part of the "Lechuga" property of which parcel, he alleged, he had been ousted by defendant, and which is a triangular tract whose southern boundary reaches out on the west to a point where the Ceiba brook empties into the Gurabo river, the base of the triangle extending for a distance of several meters towards the east and its sides then running in a straight line to meet at the northern point of the western boundary of the said "Lechuga" property.

In its answer the appellee corporation did not deny its occupancy of the said triangular tract, but it alleged that it had been in possession thereof for several years past as a part of another rural property, which it owns and which is not a part of the "Lechuga" property; that plaintiff has not had actual or material possession of the tract during the year next preceding the filing of his injunction petition but, on the contrary, it was the defendant who so possessed it; and that defendant has had installed therein for more than ten years a water intake.

There is no doubt in our minds that the triangular tract of 6.28 acres involved in the suit herein is part of the "Lechuga" property leased to appellee, because the western boundary of such tract is a straight line running between the place where the Ceiba brook empties into the Gurabo river and an undisputed point to the north, and these points are identical with those which, according to the lease and the map on which the indenture is based, correspond to the "Lechuga" property, the other side of the triangle lying necessarily more to the east within the said "Lechuga" property, since the latter is larger than the tract which is the subject-matter of this suit; also because the 6.28 acres sought to be recovered complete the 6.45 acres of land which had been leased under the designation of "Lechuga" property.

Therefore, since the tract claimed is located within the western portion of the "Lechuga" property, and it having been shown—and admitted by appellee in its answer—that the said property was judicially delivered to its owner pursuant to the judgment in the unlawful detainer action, it is unquestionable that its owner was put in possession of the tract in question even though the delivery was made by an officer, who gave the possession of the three properties by reference to their description and not by going upon the premises. It is of little importance whether at the time of such delivery the lessee retained possession of the tract in question or whether he took possession of it at some sub-

sequent date, because, if the first, the lessee held for the benefit of the owner (*Porto Rico Benevolent Society* v. *Municipality of Ponce*, 28 P.R.R. 773), and, if the second, it deprived the latter of the possession to which he is entitled.

It is true that the remedy of injunction to recover possession is not the proper one for establishing the true boundaries of real property, as has been frequently decided by us. But in the case herein it is not sought to determine the southwestern boundary of the "Lechuga" property, since according to the lease and the map referred to therein the westernmost point of its southern boundary was admitted by both parties, and that is the mouth of the Ceiba brook, which is also the western point of the tract claimed, as admitted by the defendant and appellee.

For the foregoing reasons, the judgment appealed from must be reversed and another entered for plaintiff, with costs.